IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| JOSEPH HALL,<br><br>Plaintiff,<br><br>v.<br><br>DR. BRUCE BURNHAM, M.D. et al.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANTS' SUMMARY JUDGMENT MOTION BASED ON FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES<br><br>Case No. 2:12-CV-794 TS<br><br>Judge Ted Stewart |

Plaintiff, Joseph Hall, an inmate at Utah State Prison (USP), filed this *pro se* civil rights suit under 42 U.S.C. § 1983 (2013). Before the Court is Defendants' Motion for Summary Judgment for Failure to Exhaust Administrative Remedies.

### I. Material Facts Deemed True for Purposes of this Order Only

1. Plaintiff is an inmate at USP. At all times relevant here, Plaintiff was jailed at Central Utah Correctional Facility (CUCF).

2. Around November 2010, Plaintiff had a severe seizure disorder and a tumor removed from his brain. (*See* Am. Compl., ¶ 7.)[1]

3. Around January 13, 2012, Plaintiff was seen by Defendant Burnham who evaluated Plaintiff and discontinued Plaintiff's seizure medication. (*See* Am. Compl., ¶ 8.)

4. Defendant Burnham also delayed care when Plaintiff requested it and provided no treatment for Plaintiff's rash. (*See* Am. Compl., ¶ 13.)

---
[1] Facts taken from Plaintiff's Amended Complaint are deemed true when presented in a motion for summary judgment. *See* Fed.R.Civ.P. 56(c).

1

5. Defendant Hanson scheduled Plaintiff to see Defendant Burnham even though she knew Plaintiff would not receive adequate care from Burnham. (*See* Am. Compl., ¶ 12.)

6. Although Plaintiff filed grievances about poor medical treatment, he never completed the grievance process by filing level-three grievances. (*See* Am. Compl., ¶ 18; Lund Decl., ¶¶ 17-26; Garner Decl., ¶¶ 17-19.)

7. Plaintiff's grievance privileges were suspended from August 1, 2012, to February 1, 2013. During this period, he was unable to file any grievances. (*See* Garner Decl., ¶ 19.)

8. After the grievance suspension, Plaintiff did not follow up on any of his past-filed grievances to level three. (*See* Plaintiff's Motion to Dismiss Defendants' Summary Judgment Motion.)

9. The USP grievance process includes three levels of administrative review. By policy, the grieving inmate must go through each level to exhaust the process and before seeking judicial relief. State of Utah Dep't of Corrs. Institutional Operations Division Manual, FDr02/03.02; (*see* Garner Decl., ¶ 6).

10. After level three, there is no further administrative appeal from the Hearing-Office level. The level-three decision is final. FDr02/03.05 B; (*see* Garner Decl., ¶ 14).

## II. Legal Standards

### A. Summary-Judgment Standard

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). The moving party bears the initial burden of showing "that there is an absence of evidence to support the non-moving party's case." *Cellotex v. Catrett*, 477 U.S. 317, 325 (1986). This burden may

be met by identifying parts of the record showing an absence of evidence to support an essential element of the opposing party's case. *Johnson v. City of Bountiful,* 996 F. Supp 1100, 1102 (D. Utah 1998)

Once the moving party satisfies its initial burden "the burden then shifts to the nonmoving party to make a showing sufficient to establish that there is a genuine issue of material fact regarding the existence of [the disputed] element." *Id.* A nonmovant "that would bear the burden of persuasion at trial" is required to "go beyond the pleadings and 'set forth specific facts' that would be admissible in evidence in the event of a trial from which a rational trier of fact could find for the nonmovant." *Adler v. Wal–Mart Stores*, 144 F.3d 664, 671 (10th Cir. 1998). The specific facts put forth by the nonmovant "must be identified by reference to an affidavit, a deposition transcript or a specific exhibit incorporated therein." *Thomas v. Wichita Coca–Cola Bottling*, 968 F.2d 1022, 1024 (10th Cir. 1992). Mere allegations and references to the pleadings will not suffice. However, the Court must "examine the factual record and reasonable inferences therefrom in the light most favorable to the party opposing the motion." *Lopez v. LeMaster*, 172 F.3d 756, 759 (10th Cir. 1999).

The Tenth Circuit has recognized that, given the fact-sensitive nature of exhaustion determinations, "a motion for summary judgment limited to the narrow issue of exhaustion and the prisoner's efforts to exhaust is appropriate." *Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204, 1211 (10th Cir. 2003), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). When deciding such a limited motion for summary judgment the court applies the same procedures used for other summary judgment determinations. Thus, the moving party bears the initial burden of showing that there is an absence of evidence to support the plaintiff's

contention that he exhausted all available administrative remedies. Once the moving party has made such a showing, the burden then shifts to the nonmoving party to produce admissible evidence showing that genuine issues of material fact exist precluding summary judgment on the exhaustion question.

**B. Exhaustion Requirement**

The Prison Litigation Reform Act (PLRA) requires inmates to exhaust all available administrative remedies before seeking redress in the courts. Specifically, 42 U.S.C. § 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The Supreme Court has held that the PLRA's exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Moreover, the Supreme Court has refused to "read futility or other exceptions into [the PLRA's] statutory exhaustion requirement." *Booth v. Churner*, 532 U.S. 731, 741, n.6 (2001). As explained by the Tenth Circuit, "[t]he statutory exhaustion requirement of § 1997e(a) is mandatory, and the district court [is] not authorized to dispense with it." *Beaudry v. Corr. Corp. of Am.*, 331 F.3d 1164, 1167 n.5 (10th Cir. 2003). Failure to exhaust is an affirmative defense that the defendants have the burden of pleading and proving. *See Jones,* 549 U.S. at 212. Because exhaustion is a prerequisite to suit, all available administrative remedies must be exhausted *before* filing a complaint in federal court. *See Porter,* 534 U.S. at 524 (citing *Booth,* 532 U.S. at 741).

### III. Defendants' Motion for Summary Judgment

Plaintiff's Amended Complaint asserts claims for damages relating to Defendants' denial of medical care in violation of Plaintiff's Eighth Amendment right to be free from cruel and unusual punishment and his Fifth and Fourteenth Amendment right to be treated equally and fairly. (Am. Compl., ¶ 15.) However, before he may pursue these claims, he must show that he has exhausted his administrative remedies. *See* 42 U.S.C. § 1997e(a). In response to Defendants' declarations and documentation supporting their summary judgment motion, Plaintiff submitted nothing beyond the pleadings to meet his burden.

In keeping with the Supreme Court's decision in *Jones v. Bock*, the Tenth Circuit no longer considers exhaustion of administrative remedies a pleading requirement. Thus, nothing prevents an inmate from filing a suit with unexhausted claims. However, once exhaustion is raised as an affirmative defense, the inmate will be required to present evidence showing that all available administrative grievance remedies were fully exhausted. This can be accomplished either by showing compliance with all the necessary grievance procedures, or by showing that efforts at exhaustion were thwarted by prison officials, effectively making them unavailable. Because Plaintiff has failed to argue and submit evidence that he appealed his grievances through level three of the USP grievance process, including waiting until the suspension of his grievance privileges was lifted, he has failed to show that he exhausted his administrative remedies.

5

**ORDER**

It is therefore

ORDERED that Defendants' Motion for Summary Judgment for Failure to Exhaust Administrative Remedies (Docket No. 21) is GRANTED. It is further

ORDERED that Plaintiff's Motion to Appoint Counsel and Motion to Proceed to Trial (Docket Nos. 16 and 26) are DENIED AS MOOT.

The Clerk of the Court is directed to close this case forthwith.

DATED this 5th day of February, 2014.

BY THE COURT:

_____
CHIEF JUDGE TED STEWART
United States District Court